## CALDWELL *v.* TEXAS.

ERROR TO THE COURT OF APPEALS OF THE STATE OF TEXAS.

No. 1541.  Submitted December 15, 1890. — Decided January 12, 1891.

No State can deprive particular persons or classes of persons of equal and impartial justice under the law, without violating the provisions of the Fourteenth Amendment to the Constitution.

Due process of law, within the meaning of the Constitution, is secured when the laws operate on all alike, and no one is subjected to partial or arbitrary exercise of the powers of government.

No question of repugnancy to the Federal Constitution can be fairly said to arise when the inquiry of a State court is directed to the sufficiency of an indictment in the ordinary administration of criminal law, and the statutes authorizing the form of indictment do not obviously violate these fundamental principles.

An indictment, framed in accordance with the laws of Texas, which charges that the prisoner at a time and place named did, "unlawfully and with express malice aforethought, kill one J. M. Shamblin by shooting him with a gun, contrary to the form of the statute" *et cet.,* does no violation to the provisions of the Fourteenth Amendment to the Constitution.

MOTION TO DISMISS.  The case was stated by the court as follows:

William Caldwell was arraigned upon the following indictment found by the grand jury of Fort Bend County, Texas:

" In the name and by the authority of the State of Texas.

" The grand jurors, good and lawful men of the State of Texas, county of Fort Bend, duly tried on oath by the judge of the District Court of said county touching their legal qualifications as grand jurors, elected, empanelled, sworn and charged to inquire into and true presentments make of all offences against the penal laws of said State committed within the body of the county aforesaid, upon their oaths present in the District Court of said county that William Caldwell, late of the county of Fort Bend, laborer, on or about the first day of August, in the year of our Lord one thousand eight hundred and eighty-eight, with force of arms, in the said county of Fort Bend and State of Texas, did then and there, unlawfully and with express malice aforethought, kill one J. M. Shamblin by shooting him with a gun, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the State."

The venue was subsequently changed to Harris County, Texas, and on trial of the case, upon Caldwell's plea of not guilty, before a jury duly empanelled, a verdict was found against him of guilty of murder in the first degree, and awarding the punishment of death.

A motion for a new trial was made and overruled, and judgment entered on the verdict, from which an appeal was taken to the Court of Appeals of the State of Texas, which affirmed the judgment, the opinion being delivered by Willson, J. (*Caldwell* v. *The State*, 28 Texas App. 566). Application for a rehearing was subsequently made upon the ground that " the indictment is fatally and fundamentally defective and void under the constitution of the State, and does not, either in form or substance, set out a valid charge of murder or any other offence known to the criminal law of the State, and is not due process of law under the 14th Amendment to the Constitution of the United States." This motion was heard on oral and printed arguments on both sides, and overruled. The opinion was delivered by Hurt, J. (28 Texas App. 576), and stated that but one ground was urged for rehearing, namely, the sufficiency of the indictment, the objections to which were,

that it failed to charge that the accused murdered the deceased; that it omitted to charge the time and place of the alleged shooting; and the infliction of a mortal wound; and the date of the wounding and that of the death; and that the shooting was done unlawfully and with malice aforethought; and was fatally defective for want of certainty. The court held that as the indictment charged that Caldwell on the first day of August, A.D. 1888, in the county of Fort Bend, unlaw-fully and with express malice aforethought, killed Shamblin by shooting him with a gun, it charged all of the acts constituting murder, and with the requisite particularity, and that consequently the indictment was sufficient; and said: "Now, we have held that the legislature of this State has no authority to prescribe a form of indictment, and make the same sufficient, which fails to contain all of the elements of the crime. But we have never held that the legislature could not prescribe a form for indictment which would not be good if the facts constituting the crime sought to be charged are contained in the form. If the offence is sufficiently particularized so as to come within the rule of pleading, we would hold that such form would not be obnoxious to constitutional objections, either Federal or State."

A writ of error was sued out from this court and allowed by the presiding judge of the Court of Appeals of Texas, and the case comes on upon a motion to dismiss.

Section 10, article I, of the constitution of Texas reads: "In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him and to have a copy thereof. He shall not be compelled to give evidence against himself. He shall have the right of being heard by himself or counsel, or both; shall be confronted with the witnesses against him, and shall have compulsory process for obtaining witnesses in his favor. And no person shall be held to answer for a criminal offence, unless on indictment of a grand jury, except in cases in which the punishment is by fine, or imprisonment otherwise than in the penitentiary, in cases of impeachment, and in cases arising in

the army or navy, or in the militia, when in actual service in time of war or public danger."

By art. 605 of the Texas Penal Code, " murder " is thus defined :

"Every person with a sound memory and discretion who shall unlawfully kill any reasonable creature in being within this State, with malice aforethought, either express or implied, shall be deemed guilty of murder. Murder is distinguishable from every other species of homicide by the absence of the circumstances which reduce the offence to negligent homicide or manslaughter, or which excuse or justify the homicide." Willson's Criminal Texas Stats. pt. I, p. 203.

The Code of Criminal Procedure of Texas provides :

" Art. 416. All felonies shall be presented by indictment only, except in cases specially provided for."

" Art. 419. An indictment is the written statement of a grand jury, accusing a person therein named of some act, or omission, which, by law, is declared to be an offence.

" Art. 420. An indictment shall be deemed sufficient if it has the following requisites : 1. It shall commence ' In the name and by the authority of the State of Texas.' 2. It must appear therefrom that the same was presented in the District Court of the county where the grand jury is in session. 3. It must appear to be the act of a grand jury of the proper county. 4. It must contain the name of the accused, or state that his name is unknown, and in case his name is unknown give a reasonably accurate description of him. 5. It must show that the place where the offence was committed is within the jurisdiction of the court in which the indictment is presented. 6. The time mentioned must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offence is barred by limitation. 7. The offence must be set forth in plain and intelligible words. 8. The indictment must conclude ' Against the peace and dignity of the State.' 9. It shall be signed officially by the foreman of the grand jury.

" Art. 421. Everything should be stated in an indictment which it is necessary to prove, but that which it is not necessary to prove need not be stated.

"Art. 422. The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it, in bar of any prosecution for the same offence."

"Art. 428. In an indictment for a felony it is not necessary to use the words 'felonious' or 'feloniously.'" Willson's Cr. Texas Stats. pt. II, p. 109 et seq.

Sections 1, 4, 11, 12 and 17 of an act of the legislature of Texas of March 26, 1881, entitled "An act to prescribe the requisites of indictments in certain cases," are as follows :

"Section 1. That an indictment for any offence against the penal laws of this State shall be deemed sufficient which charges the commission of the offence in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the partic- ular offence with which he is charged, and enable the court on conviction to pronounce the proper judgment; and in no case are the words 'force and arms,' or 'contrary to the form of the statute,' necessary."

"Sec. 4. An indictment for an act done with intent to commit some other offence, may charge in general terms the commission of such act with intent to commit such other offence, without stating the facts constituting such other offence."

"Sec. 11. The following forms of indictments in cases in which they are applicable are sufficient, and analogous forms may be used in other cases :" . . .

"Form No. 2 : Murder. A B did with malice aforethought kill C D by shooting him with a gun, or by striking him with an iron weight, or by poisoning him, etc." . . ..

"Sec. 12. Nothing contained in the 11th section of this act shall be construed to dispense with the necessity for proof of all the facts constituting the offence charged in an indictment, as the same is defined by law."

"Sec. 17. An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected by reason of any defect or imperfection of form in such indictment, which does not prejudice the substantial

rights of the defendant." Laws Texas 1881, p. 60 *et seq.*, and Willson's Criminal Texas Stats. pt. II, p. 115.

It is stated in Willson's Criminal Texas Stats. pt. II, p. 115, § 1969, that this statute is in force, so far as it has not been held unconstitutional, as some of the forms prescribed have been and as others seem to the annotator to be. The differences between the indictment in this case and that authorized by the statute of 1881 will be detected upon comparison.

The following errors were assigned in this court: " That the form of indictment in this case, as authorized by the act of the legislature of Texas of March 26, 1881, before cited, is not ' due process of law' under either the constitution of the State or that of the United States, and that the act referred to, establishing said form of indictment is violative of the provision of the Fourteenth Amendment of the Constitution of the United States which ordains that ' no State shall deprive any person of life, liberty or property without due process of law,' and, therefore, is null and void."

*Mr. James S. Hogg*, Attorney General of Texas, and *Mr. Richard H. Harrison*, for the motion.

*Mr. J. Randolph Burns* opposing.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

By the Fourteenth Amendment the powers of the States in dealing with crime within their borders are not limited, but no State can deprive particular persons or classes of persons of equal and impartial justice under the law. Law, in its regular course of administration through courts of justice, is due process, and when secured by the law of the State, the constitutional requisition is satisfied. 2 Kent Comm. 13. And due process is so secured by laws operating on all alike, and not subjecting the individual to the arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice. *Bank of Colum-*

*bia* v. *Okely*, 4 Wheat. 235, 244. The power of the State must be exerted within the limits of those principles, and its exertion cannot be sustained when special, partial and arbitrary. *Hurtado* v. *California*; 110 U. S. 516, 535. No question of repugnancy to the Federal Constitution can be fairly said to arise when the inquiry of the State courts is directed to the sufficiency of an indictment in the ordinary administration of criminal law, and the statutes authorizing the form of indictment pursued are not obviously violative of the fundamental principles above adverted to.

The case before us is destitute of the elements of a Federal question, since there was nothing special, partial or arbitrary, or in violation of fundamental principles, in the law of the State in accordance with which the indictment was found, and as applied in passing upon its sufficiency. The plaintiff in error was not denied the equal protection of the laws, nor deprived of the process due by the law of the land. The constitution of Texas secured to him the right to demand the nature and cause of the accusation against him, and. the State court determined, as was its province, that this demand was satisfied by the indictment in question. His objections were in effect to the technical sufficiency of the indictment, but not that his rights had been determined by any other rules than those applied to the rest of the community, nor that the court had done more than commit errors in the disposition of a subject within its jurisdiction.

No title, right, privilege or immunity under the Constitution of the United States was specially set up or claimed in the trial court, or in the Court of Appeals, except as the petition for rehearing may be held to have constituted such claim. The validity of the existence of the court and its jurisdiction over the crime named in the indictment and over the person of the defendant were not drawn in question, nor was the validity of the laws of the State, except after judgment and upon the petition for a rehearing. The usual rule is that a contention thus delayed comes too late, but if this should be treated as an exception, on the ground that the Court of Appeals permitted argument on the question and delivered a

decision and opinion upon it, yet, where the misconception of the application of the Fourteenth Amendment is so obvious, we are unwilling to retain the cause for further argument, and may avail ourselves of the rule ordinarily applicable to the afterthoughts of counsel.

The writ of error is

*Dismissed.*