KROSCHEL v. MUNKERS, Chief of Police.

(District Court, D. Oregon. May 2, 1910.)

No. 5,237.

**1. CONSTITUTIONAL LAW (§ 251*)—"DUE PROCESS OF LAW."**

Law in its regular course of administration through courts of justice is "due process," and, when secured by the law of the state, the constitutional requisition is satisfied. Due process of law is so secured by laws operating on all alike and not subjecting the individual to the powers of government, unrestrained by the principles of private right and distributive justice.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 726, 727, 732; Dec. Dig. § 251.*

For other definitions, see Words and Phrases, vol. 3, pp. 2227–2256; vol. 8, p. 7644.]

**2. COURTS (§ 282*)—JURISDICTION—FEDERAL QUESTION.**

Where the validity of a city ordinance regulating the sale of nonintoxicating beverages depends wholly on state statutes, no federal question can be injected into a prosecution for violating the ordinance unless it be that accused is being held contrary to the inhibition of the fourteenth amendment of the federal Constitution.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 820–824; Dec. Dig. § 282.*

Jurisdiction in cases involving federal question, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Voston & M. C. C. & S. Mining Co., 35 C. C. A. 7.]

**3. HABEAS CORPUS (§ 1*)—SCOPE OF "WRIT OF HABEAS CORPUS"—REVISORY REMEDY.**

A writ of habeas corpus is available only to determine the question of jurisdiction and power of the custodian to hold petitioner against his will and cannot be utilized as a revisory remedy.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 4, pp. 3195–3198; vol. 8, p. 7676.]

**4. HABEAS CORPUS (§ 6*)—FEDERAL COURTS—DISCRETION.**

The issuance and entertainment of a writ of habeas corpus by a federal court is a matter within the court's discretion to be exercised in sound judgment and in obedience of law that the ends of justice may be adequately subserved.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 6; Dec. Dig. § 6.*

Jurisdiction of federal courts, in habeas corpus proceedings, see note to In re Huse, 25 C. C. A. 4.]

**5. CONSTITUTIONAL LAW (§ 81*)—RESERVED POWERS—POLICE POWER.**

The general police power is reserved to the state subject to the limitation that, in the exercise thereof, the state may not trench on the power and prerogatives delegated to the general government.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 148; Dec. Dig. § 81.*]

**6. INTOXICATING LIQUORS (§ 10*)—NONINTOXICANTS—REGULATION—POWERS.**

Regulation of the sale of nonintoxicants in a city located in the local option county is a matter within the police power of the state acting

through the municipality, in which the general government had no concern.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 7–12; Dec. Dig. § 10.*]

7. HABEAS CORPUS (§ 45*)—FEDERAL COURTS—DISCRETION.

Where petitioner was convicted of violating an ordinance regulating the sale of nonintoxicants and failed to avail himself of the right of appeal to the circuit court of the state within the time prescribed, he was not entitled to a writ of habeas corpus from a federal court on the ground that he was deprived of his liberty without due process of law; he being entitled to a writ of habeas corpus from the state court and to appeal from the denial thereof to the Supreme Court of the state and, if still unsuccessful, to a review on a writ of error by the Supreme Court.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 45.*]

Habeas corpus by Charles Kroschel against I. A. Munkers, Chief of Police of Albany, Or. Petition dismissed.

J. K. Weatherford and J. R. Wyatt, for plaintiff.
Percy R. Kelly, City Atty. of Albany, for defendant.

WOLVERTON, District Judge. The petitioner, having been accused of the violation of ordinance No. 472 of the city of Albany, Or., which prohibits the selling, bartering, giving away, or otherwise disposing of near-beer, spirituous, vinous, or malt liquors that are not intoxicating, in that he sold a certain quantity of near-beer contrary to such ordinance, was tried and convicted of the offense before the city recorder, and adjudged to pay a fine, with imprisonment until such fine was paid, and, having been taken into custody by the city marshal under commitment for his imprisonment, brings this writ of habeas corpus to secure his release, alleging that he is unlawfully restrained of his liberty.

By the city charter, the city is authorized and empowered to tax, license, regulate, and prohibit the sale of spirituous, vinous, or malt liquors; also to provide for the punishment of any person or persons who shall sell or offer for sale any unwholesome or adulterated provisions; and the charter defines what shall constitute such unwholesome provisions. The authority to pass the ordinance, of which the petitioner is charged with a violation, is referable to these charter provisions, if referable to any.

Since by vote of the people in Linn county, being the county in which Albany is situated, local option has been adopted therein, it is urged that the power of the city to regulate the sale of spirituous, malt, or vinous liquors, whether intoxicating or nonintoxicating, has been superseded by the general law, and hence that the city was without power to pass the ordinance in question, from which it would follow that the petitioner was unlawfully fined and imprisoned.

A similar case was recently decided by this court, and the petitioner discharged. Kuthe v. Farrington, 176 Fed. 579. This, however, without attempting to question the propriety and authority of this court in exercising jurisdiction of the cause.

The contention is, and necessarily must be, in order to give this

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court jurisdiction, that the petitioner is being deprived of his liberty contrary to the inhibition of the fourteenth amendment to the federal Constitution, which provides that no state shall deprive any person of life, liberty, or property without due process of law, or deny to any person within its jurisdiction the equal protection of the law. It is said on high authority that:

"Law, in its regular course of administration through courts of justice, is due process, and when secured by the law of the state, the constitutional requisition is satisfied. * * * And due process is so secured by laws operating on all alike, and not subjecting the individual to the arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice." Caldwell v. Texas, 137 U. S. 692, 697, 11 Sup. Ct. 226 (34 L. Ed. 816); Bank of Columbia v. Okely, 4 Wheat. 235, 244, 4 L. Ed. 559.

It is axiomatic now that no state can deprive particular persons or classes of persons of equal and impartial justice under the law. But the direct question presented here is whether the recorder's court had any jurisdiction to try and determine the cause, and this because the city was without power to adopt the ordinance under which the offense with which the petitioner is charged was established. Of course, if no offense has been lawfully created, then it must be conceded that the action of the recorder in adjudging that the petitioner is amenable thereto is in excess of his authority. The recorder's court necessarily passed upon that question in entertaining jurisdiction; hence, logically and strictly speaking, this court is asked to review the action of the recorder's court in that regard. It should be noticed in this relation that the validity of this ordinance depends wholly upon state statutes, and not upon any law or provision of Congress. Hence no federal question can be injected into the case, unless it be that the petitioner is being held contrary to the inhibition of the fourteenth amendment.

The writ of habeas corpus is not in any sense a writ of error; nor may it be utilized as a revisory remedy. It is competent only for determining the question of jurisdiction, and the power of the custodian to hold the petitioner against his will. Hughes, Fed. Proc. 174, 175.

"Being a civil process," says Mr. Justice Jackson, "it cannot be converted into a remedy for the correction of mere errors of judgment or of procedure in the court having cognizance of the criminal offense. Under the writ of habeas corpus, this court can exercise no appellate jurisdiction over the proceedings of the trial court or courts of the state, nor review their conclusions of law or fact, and pronounce them erroneous." In re Frederich, Petitioner, 149 U. S. 70, 75, 13 Sup. Ct. 793, 795 (37 L. Ed. 653).

The issuance and entertainment of the writ is also a matter within the discretion of the federal court. The discretion, however, is to be exercised in sound judgment and in obedience to law, that the ends of justice may be adequately subserved. Mr. Justice Peckham has said that:

The federal courts "ought not to exercise that jurisdiction by the discharge of a prisoner unless in cases of peculiar urgency, and that instead of discharging they will leave the prisoner to be dealt with by the courts of the state; that after a final determination of the case by the state court, the

federal courts will even then generally leave the petitioner to his remedy by writ of error from this court. The reason for this course is apparent. It is an exceedingly delicate jurisdiction given to the federal courts by which a person under an indictment in a state court and subject to its laws may, by the decision of a single judge of the federal court, upon a writ of habeas corpus, be taken out of the custody of the officers of the state and finally discharged therefrom, and thus a trial by the state courts of an indictment found under the laws of a state be finally prevented." Baker v. Grice, 169 U. S. 284, 290, 18 Sup. Ct. 323, 326 (42 L. Ed. 748).

The principle is very firmly established by the Supreme Court, and it is unnecessary to cite further cases. Upon this principle the federal court properly declined to entertain a petition for a writ of habeas corpus, by a person who had been adjudged guilty by a state court, while his cause was pending on appeal in that jurisdiction; the questions involved arising under the state laws, and depending thereon for their proper application. In re Duncan, 139 U. S. 449, 11 Sup. Ct. 573, 35 L. Ed. 219.

So in another case, where the petitioner had been adjudged guilty in a municipal court, and prior to any appeal through the regular course in the state court, it was adjudged that the federal court ought not to entertain jurisdiction upon habeas corpus. Minnesota v. Brundage, 180 U. S. 499, 21 Sup. Ct. 455, 45 L. Ed. 639. In this case it was urged that the statute of the state of Minnesota was in conflict with the federal Constitution, and yet the court would not interpose its powers until the petitioner had availed himself of remedies by appeal afforded him under the state procedure.

There is another principle of our dual system of government that has a bearing upon the controversy here. The general police power is reserved to the states, subject, of course, to the limitation that, in the exercise of that power, the state may not trench upon the power and prerogatives delegated to the general government. Matter of Heff, 197 U. S. 488, 25 Sup. Ct. 506, 49 L. Ed. 848; L'Hote v. New Orleans, 177 U. S. 587, 596, 20 Sup. Ct. 788, 44 L. Ed. 899.

The regulation prescribed by the ordinance under consideration pertains to the police power. Having relation to the vending of nonintoxicating spirituous, malt, and vinous liquors, it is exclusively a subject for state regulation. It is a matter concerning which the general government has never attempted to legislate; nor has it ever in any way assumed any authority or control with reference thereto, so that it remains a subject free for state action and supervision. It is with reference to this police power that the state, through the municipality, has attempted to regulate the sale of these nonintoxicants—a regulation, as I have shown, in which the general government has no concern. If the city has not power through its charter to adopt the regulation, by reason of the power having been taken away or superseded by a general law of the state, that is yet the state's affair, depending upon the interpretation of its laws and the regulation, and involves no federal question. It is only when it is averred that the defendant is being deprived of his liberty, contrary to the intendment of the fourteenth amendment, that a federal question is brought into the case. Of course, if the defendant is being deprived of his liberty arbitrarily, and without authority in the magistrate to condemn him,

he ought to be discharged. But the state tribunals of justice are as well the guardians of our liberties as the federal courts. It is said by Mr. Justice Peckham, in Baker v. Grice, supra, that:

"It is the duty .of the state court, as much as it is that of the federal courts, when the question of the validity of a state statute is necessarily involved as being in alleged violation of any provision of the federal Constitution, to decide that question, and to hold the law void if it violate that instrument."

If such be the duty of the state courts in such a case, it must also be their duty to guard the citizen or individual against unlawful or arbitrary imprisonment, done without appropriate power or authority, or in excess of lawful jurisdiction. Measured alone by the Constitution, laws, and ordinances of the state and its municipalities, the deduction is perfectly natural and reasonable, as the policy and law of the general government is, that the federal courts may not interfere with the regular administration of justice in the state courts, unless in exceptional cases, until the state courts have failed in their duty. When they fail, or the case is such that they cannot give adequate relief, it is time enough for the federal courts to interpose their power to see that the liberty of the individual is maintained.

Now, to the case here: The petitioner has been convicted by a municipal court of a minor offense, growing out of a police regulation. From the judgment of conviction, he had an appeal to the circuit court of the state. Of this he did not avail himself, and the time is now run. But the fact that he now has no appeal in the state court, it having been lost by his own volition or want of diligence, should not strengthen his case for an application to this court for relief in a summary way. He has yet a resort to the state courts if his conviction was through excess of authority in the municipal judge. He may apply there for a writ of habeas corpus, as he has done here, and the courts there are quite as competent to grant him relief as this court, and will be quite as tender and considerate of his liberties as a federal court. If the court to which he applies fails, through error of judgment, to do him justice, he will have an appeal to the highest judicial tribunal in the state; and then, if he is not satisfied with its judgment, he will have his writ of error to the federal Supreme Court. Thus provision is found for the safeguarding of his liberties to the uttermost. His relief will be as speedy there as here. It is in better accord with the policy and authority of our dual system of government that he be required to take that course.

His petition will therefore be dismissed.