2 So.2d 419

## MOORE v. STATE.

1 Div. 81.

Supreme Court of Alabama.

May 22, 1941.

Rehearing Denied June 5, 1941.

John E. Wilson, Jr., of Mobile, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

FOSTER, Justice.

This is an appeal from a judgment in which appellant was adjudged guilty of murder in the first degree, and his punishment fixed at death. The judgment and sentence were rendered December 19, 1939, A motion for a new trial was made and acted on by the court. A bill of exceptions was presented to the trial judge within ninety days after the court refused the motion for a new trial. The judge refused to sign it, and appellant has moved this Court to establish it under the provision of section 6435, Code, Code 1940, Tit. 7, §§ 824, 826; Supreme Court Rule No. 40, Code 1940, Tit. 7, Appendix.

The court appointed a commissioner under that rule to take the testimony on that motion. The commissioner did so, and made his report setting out all the evidence offered by appellant and by the State's solicitor. This shows that the bill of exceptions was prepared by counsel for appellant from his notes which he made on the trial aided by his memory: that though the proceedings were reported by the court reporter, he was unable to get the reporter to transcribe them because appellant was not financially able to pay the legal charges for doing so: that "to the best of his knowledge, information and belief," the bill of exceptions, which he prepared and presented and which he now seeks to have established, "contains substantially all the evidence had and offered in the case, together with the rulings of the court thereon."

The solicitor testified that it failed to set out all or substantially all the evidence offered on the trial, as well as that offered in support of and against the motion for a new trial. In support of his statement, he testified that on the day before that on which he was testifying, the trial judge obtained the transcribed report of the proceedings made by the court reporter and handed it to him, and he then offered it in evidence to show that the bill of exceptions as presented was substantially incorrect, and it is before us in considering the motion to establish the bill.

■ We have examined it and compared it with the bill of exceptions as presented, and find that in many respects the bill is materially erroneous, both as to the substance of the evidence and rulings on it, and exceptions noted. It bears much resemblance to the situation shown in the case of McRee v. Russell, 236 Ala. 506, 183 So. 399. The motion to establish the bill of exceptions must therefore be overruled.

■ We have examined the record showing all the proceedings in the cause, from the indictment to the final judgment and sentence. There was no adverse ruling shown except the judgment overruling the demurrer to the indictment. There was clearly no error in doing so. The proceedings are regular and orderly throughout, and all the rights and safeguards of appellant were duly observed by the court. He appears to have had skillful counsel to represent him, and the trial was carefully conducted.

[3] There is no reversible error shown, and the judgment must be affirmed. Sentence was suspended pending appeal, and the time for its execution having passed, we now fix Friday, July 25, 1941.

Affirmed.

All the Justices concur, except KNIGHT, J., not sitting.