18 So.2d 388

### VERNON v. STATE.

### 6 Div. 141.

Supreme Court of Alabama.

May 18, 1944.

Rehearing Denied June 22, 1944.

Walter S. Smith, of Birmingham, for appellant.

635

LIVINGSTON, Justice.

The appellant, Joe Vernon, was indicted, tried and convicted of murder in the first degree. He appealed to this court on the record proper, without bill of exceptions.

The progress of the case through the courts is familiar history. See Vernon v. State, 239 Ala. 593, 196 So. 96; Vernon v. Alabama, 311 U.S. 694, 61 S.Ct. 135, 85 L.Ed. 449; Id., 311 U.S. 730, 6 S.Ct. 390, 85 L.Ed. 475; In re Vernon, 240 Ala. 577, 200 So. 560; Joe Vernon v. State of Alabama, 313 U.S. 540, 61 S.Ct. 833, 85 L.Ed. 1509, and Joe Vernon v. State of Alabama, 313 U.S. 547, 61 S.Ct. 1092, 85 L.Ed. 1513.

Appellant insists that the rights guaranteed him by the Fourteenth Amendment to the Constitution of the United States have been denied him in this case.

Procedural due process, broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the opposing party, with reasonable opportunity to controvert them. Garrett v. Reid, 244 Ala. 254, 13 So.2d 97; Shields v. Utah Idaho Cent. R. Co., 305 U.S. 177, 59 S.Ct. 160, 83 L.Ed. 111; Morgan v. United States, 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129, 42 Am.Jur. 379; Frahn v. Gregling Realization Corp., 239 Ala. 580, 195 So.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

636

758; Almon v. Morgan County, Ala.Sup., 16 So.2d 511.[1] And in Barrington v. Barrington, 206 Ala. 192, 89 So. 512, 513, 17 A.L.R. 789, it was said: "Due process of law guaranteed by the federal Constitution has been defined in terms of the equal protection of the laws, that is, as being secured by laws operating on all alike, and not subjecting the individual to the arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice. Caldwell v. Texas, 137 U.S. 692, 11 S.Ct. 224, 34 L.Ed. 816; Leeper v. Texas, 139 U.S. 462, 11 S.Ct. 577, 35 L.Ed. 225."

The record discloses that upon arraignment the appellant interposed a plea of "not guilty." When the case was called for trial the appellant moved the trial court that he be allowed to withdraw the previously interposed plea of "not guilty" for the purpose of affording him an opportunity to file a motion to quash the indictment, and file pleas in abatement to the indictment. The motion was granted, and the motion and pleas filed. In substance, the motion to quash the indictment and the pleas in abatement to the indictment are the same. Each was grounded upon the alleged fact that defendant is of the negro race, and, in the selection of the grand jury, which found the indictment, members of his race were systematically excluded because of race or color; and that the only evidence before the grand jury was a confession not voluntarily made.

■ The issues raised by the motion to quash and the pleas in abatement were, by agreement of the parties, tried together. The trial court "denied and overruled" the motion to quash and rendered judgment in favor of the State on the pleas in abatement. That the motion and pleas presented good ground to quash and abate the indictment is unquestioned. Norris v. Alabama, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074; Millhouse v. State, 232 Ala. 567, 168 So. 665; Vaughn v. State, 235 Ala. 80, 177 So. 553. But each presented for the determination of the trial court matters dehors the record. Clearly, in the absence of a bill of exceptions, this court cannot review the findings of the trial court on such issues. For like reasons, we cannot review the action of the trial court in overruling appellant's motion to quash the venire drawn for the trial of the defendant, and which motion was grounded on substantially the same facts set out in the motion to quash the indictment and the pleas in abatement to the indictment. Nor can we, in the absence of a bill of exceptions, review the action of the trial court in overruling appellant's motion for a new trial, or the refused charges. 7 Alabama Digest, Criminal Law, ☞1090.

The cause was submitted here on appellant's motion to strike from the record the indictment, the judgment of conviction and the sentence imposed: suggestion of diminution of the record and motion for writ of certiorari to the clerk of the Circuit Court of Jefferson County, Alabama, requiring him to send up to this court a true and correct certified copy of the bill of exceptions as filed in his office in this cause; the answer of the State to appellant's suggestion of diminution of the record and motion for writ of certiorari; appellant's demurrer to said answer, and on the merits.

■ Appellant's motion to strike from the record the indictment, judgment of conviction and the sentence of the court, is grounded upon the fact that the minute entry fails to recite that the grand jury, which returned the indictment against him, and the petit jury which tried and convicted him, were drawn by one of the judges of the Circuit Court of Jefferson County, Alabama.

Section 380, Title 15, Code of 1940, provides:

"Such transcript must not contain mere orders of continuance, nor the organization of the grand jury which found the indictment, nor the venire for any grand or petit jury, nor the organization of regular juries for the week or time at which the case was tried, nor the order of the court for a special venire, or fixing a day for the trial of the defendant, unless some question thereon was raised before the trial court; but, in the absence of any such question, such proceedings are, upon appeal, presumed to have been regular and legal."

See, also, Supreme Court Rule 27, Code 1940, Tit. 7, Appendix.

Under the provisions of section 380, supra, and Rule 27, supra, the matters complained of cannot be raised for the first time on appeal. Hardley v. State, 202

---

[1] Ante, p. 241.

Ala. 24, 79 So. 362; Scott v. State, 228 Ala. 509, 154 So. 113; Hines v. State, 238 Ala. 575, 192 So. 423; Catrett v. State, 25 Ala.App. 331, 334, 146 So. 287.

It is further alleged in the motion, as a conclusion of the pleader, that subdivision 5 of Title 62 (obviously chapter 2, article 18), sections 278 and 285, Title 15, and section 46, Title 30, of the Code of 1940, are violative of the Fourteenth Amendment to the Constitution of the United States. But no suggestion is made as to how or in what manner these statutory provisions have injuriously affected the constitutional rights of this appellant.

■ It will be noted that subdivision 5 of Title 62, supra, contains more than thirty sections of the Code. Purely academic questions are not considered on appeal. Wall v. Cotton, et al., 22 Ala.App. 343, 115 So. 690. We may say, however, that the constitutionality of what is commonly known as the "secret venire" for counties having a population of more than 300,-000, and provided for in subdivision 5 of the Title 62, Code of 1940, has been upheld by this court in the following cases: Vaughn v. State, 236 Ala. 442, 183 So. 428; Dyer v. State, 241 Ala. 679, 4 So.2d 311; Dixon v. State, 232 Ala. 150, 167 So. 349; Morris v. State, 234 Ala. 520, 175 So. 283. Appeal dismissed, Morris v. Alabama, 302 U.S. 642, 58 S.Ct. 58, 82 L.Ed. 499, rehearing denied, 302 U.S. 778, 58 S.Ct. 263, 82 L.Ed. 602.

■ Sections 278 and 285 of Title 15, and section 46, Title 30, Code of 1940, are procedural statutes, designed to prevent quashing of indictments and venires for mere irregularities, and to obviate the resulting delays in the administration of justice. A state is free to regulate the procedure of its courts in accordance with its own conception of policy and fairness, unless in so doing it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. Snyder v. Massachusetts, 291 U.S. 597, 54 S.Ct. 330, 78 L.Ed. 674, 90 A.L.R. 575; Twining v. New Jersey, 211 U.S. 78, 106, 111, 112, 29 S.Ct. 14, 53 L.Ed. 97; Rogers v. Peck, 199 U.S. 425, 26 S.Ct. 87, 50 L.Ed. 256; Maxwell v. Dow, 176 U.S. 581, 604, 20 S.Ct. 448, 44 L.Ed. 597; Hurtado v. California, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232; Frank v. Mangham, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969; Powell v. Alabama, 287 U.S. 45–67, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527.

■ The above mentioned statutes do not deny to one charged with a crime the right to present for determination the question of whether the rights guaranteed by the Fourteenth Amendment to the Constitution of the United States have been violated. And this record discloses that all questions which were presented to the trial court, touching such rights, were considered and determined by that court. The motion to strike from the record the indictment, judgment of conviction and the sentence of the court, is denied.

By suggestion of diminution of the record and motion for writ of certiorari appellant seeks to bring to this court for its consideration, in determining that question, a purported, unsigned bill of exceptions which does not appear in the record.

In respect to the question thus presented, the facts admitted by the pleading in this court are as follows: Appellant filed a bill of exceptions in the office of the clerk of the Circuit Court of Jefferson County, Alabama, the court in which he was tried, on April 15, 1943, and the clerk delivered same to Hon. J. Russell McElroy, the presiding judge of that court, and who presided at the trial of this case, on April 16, 1943, which day was within ninety days from the day on which the trial court entered its order or judgment overruling appellant's motion for a new trial.

On June 17, 1943, after an examination and consideration of the purported bill of exceptions, Judge McElroy entered the following order: "I have refused to sign the within purported bill of exceptions because it is flagrantly replete with false statements.—J. Russell McElroy."

On July 12, 1943, appellant filed with the Hon. Lucien D. Gardner, Chief Justice of this court, a motion to establish a bill of exceptions. The motion was set for hearing on July 26, 1943, and on that day the Chief Justice of this court entered the following order or judgment:

"At Chambers.—

"The within was presented to the undersigned under Title 7, section 824, Code of 1940. Upon the evidence presented in this hearing what purports to be a bill of exceptions is shown to be erroneous in many material respects, the omission of testimony of numerous witnesses testifying up-

on the trial and the omission of numerous exhibits offered in evidence by the State, and is likewise erroneous in containing testimony of two witnesses Cobb and Patterson who testified in former trial but who did not testify in the trial here sought to be reviewed. There are other errors which need not be enumerated. The rule which governs in matters of this character are found stated in Faust v. Baker, Ala.App., 13 So.2d 439, and were applied by the Court in Moore v. State, 241 Ala. 365, 2 So.2d 419.

"The motion to establish a bill of exceptions is denied.

"(Signed) Lucien D. Gardner,
"Chief Justice.
."This July 26, 1943."

■ A bill of exceptions is a formal statement in writing of exceptions taken by a party on the trial to a ruling, decision, charge or opinion of the trial judge, setting out the proceedings on the trial, the acts of the trial judge alleged to be erroneous, the objections and exceptions taken thereto, together with the grounds therefor, and authenticated by the trial judge according to law. It is statutory in origin and was originated by the statute of Westminster II (St.Edw. I, C. 31). Under which the judge signing the bill was required to come into the appellate court and there confess or deny his seal to the bill, and the facts of the case necessary to the understanding of the question on which the exception was founded could be incorporated into the record so that review on writ of error needed no longer to be limited to errors appearing upon the face of the record proper. It has been said that this ancient statute has become a part of the common law of this country, and has been the model for practically all similar legislation here. 4 Corpus Juris Secundum, Appeal and Error, page 1298, §§ 802, 803, note and cases cited.

■ A right of review in criminal cases by an appellate court is not a necessary element of due process of law, and it is wholly within the discretion of each state to refuse it or grant it on terms, District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843, provided it does not deny an appeal to certain persons while granting it to others similarly situated. State v. Guerringer, 265 Mo. 408, 178 S.W. 65; 16 Corpus Juris Secundum, Constitutional Law, page 1191, § 594.

Sections 822 and 824, Title 7, Code of 1940, and Supreme Court Rule 40, Code of 1940, page 1019, providing for perfecting or establishing bills of exceptions have, in substance, long been the law in this jurisdiction. They are statutory terms upon which our appellate courts will review on appeal the ruling, decision, charge or opinion of the trial court, alleged to be erroneous, which are not presented for review by the record proper.

Upon the hearing before the Chief Justice of this court on July 26, 1943, no evidence was offered, as required by the statutes and rules of practice on the subject, from which a true bill of exceptions could be established. Sections 822, 824, supra; Supreme Court Rule 40, supra.

■ Appellant insists that we should bring to this court the purported bill of exceptions in order that we may examine it to see if any constitutional right of appellant was denied him, and in support of this insistence cites Clark v. State, 239 Ala. 10, 193 So. 320; Jones v. State, 237 Ala. 614, 188 So. 384; Rutherford v. State, 237 Ala. 613, 188 So. 385; Spears v. State, 30 Ala.App. 483, 8 So.2d 589; Patterson v. Alabama, 294 U.S. 600, 55 S.Ct. 575, 79 L.Ed. 1082. In the cases cited the record contained a true bill of exceptions, though wanting in respect to the time of presentation to, or signing by, the trial judge. It was held under those circumstances, this court would look to such a bill of exceptions to determine whether defendant's constitutional rights had been violated. Such an examination of the purported bill of exceptions in the instant case could throw no light on that question, or any other question, for the simple reason that it is not a true and correct presentation of the matters and things which it purports to present for review. It can serve no purpose on this appeal. Sharpe v. Hughes, 202 Ala. 510, 80 So. 798; Moore v. State, 241 Ala. 365, 2 So.2d 419; Faust v. Baker, Ala.App., 13 So.2d 439.

Sections 822 and 824, supra, and Supreme Court Rule 40, supra, and the record proper, provide complete and adequate means for a review by this court of all questions presented to and passed upon by the trial court, as well as the finding of the jury.

Appellant's demurrer to the State's answer to the suggestion for diminution of the record and motion for writ of certiorari is due to be, and is, overruled, and the writ of certiorari is denied.

We have carefully review and considered the entire record, and find no error for reversal.

The judgment of the circuit court, therefore, must be and is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS, BROWN, FOSTER, and STAKELY, JJ., concur.

