49 So.2d 915

## IRVIN v. FORD.

### 5 Div. 495.

Supreme Court of Alabama.

Jan. 11, 1951.

J. Sanford Mullins, of Alexander City and Sam W. Oliver, of Dadeville, for appellee.

Wilbanks & Wilbanks, of Alexander City, for appellant.

FOSTER, Justice.

This is an appeal from a decree sustaining a demurrer to a bill in equity and, upon a failure to amend the same, dismissing it out of court. It is a bill whose object is to set aside a judgment by default rendered against the complainant on the 15th day of November 1948.

The suit was filed against the complainant in the circuit court on September 2, 1948, and executed on the 10th. The suit was for damages resulting from an automobile accident in which another person was driving complainant's car. In the bill to set aside the judgment by default, it is alleged that the driver of his car at that time was not the agent, servant or employee of defendant, and defendant was not an occupant of the car at the time. The bill alleges that after he was served with process he learned that the regular term of the circuit court had been indefinitely postponed and that he failed to appear and answer because of his ignorance of the law; that he is very ignorant and helpless, totally unacquainted with judicial proceedings and is very old, and did not know he had to file any paper within the thirty days, but understood he must appear in person which he planned to do. But at the time he made his inquiry he was told the regular terms of court were in September and March, and that the September term had been indefinitely postponed, which was true, and that such was known to the plaintiff in that suit at the time the judgment was taken. That it "was the custom of the clerk of the Circuit Court of Tallapoosa County to notify by mail parties not represented by counsel, and complainant had knowledge of this custom, and relied on the same, but no notice that court convened in November 1948 was given your complainant by mail or otherwise, and he had no knowledge of the default judgment that was entered against him until, towit, March 28, 1949, when complainant was given notice that a writ of garnishment was issued to the Russell Manufacturing Company, a corporation, as garnishee, on said judgment." Whereupon complainant further alleges that he immediately made investigation and found judgment had been rendered and this suit resulted.

The demurrer raises the question as to the equity of the bill and the want of diligence of complainant and the failure to allege sufficiently a meritorious defense.

The general rule of law is well established under those circumstances to be that a party to a suit is bound at his peril to know what is required of him in the defense or prosecution of the suit and act according to the requirements of the law. There is no statute or other rule which requires notice to be given to a litigant as to the time when his case will be set, except section 249, Title 7, Code, and that section is not pertinent to the facts alleged in the bill. It is not alleged that complainant had an attorney who was a nonresident of the county or that he himself was a nonresident of the county. Anderson v. Anderson, 250 Ala. 427, 34 So.2d 585; Ex parte Cox, 253 Ala. 647, 46 So.2d 417; Wetzel v. Birmingham Electric Co., 250 Ala. 267, 33 So.2d 882; Williams v. Tyler, 14 Ala.App. 591, 71 So. 51, certiorari denied, 198 Ala. 696, 73 So. 1002; National Fertilizer Co. v. Hinson, 103 Ala. 532, 15 So. 844; Harnischfeger Sales Co. v. Burge, 221 Ala. 387, 129 So. 37; White v. Ryan, 31 Ala. 400.

The nearest approach we have to a case wherein a judgment by default was set aside is that of Williams v. Tyler, supra. The difference between that case and the one here being considered is such as to justify the holding that it is not authoritative as to the instant case. In the Williams case the setting of the cases was by a printed docket which was distributed among the lawyers who were interested in the docket. The printed docket did not give the full name of the defendant and did not state the name of his counsel, and an examination of the printed docket by the attorney failed to disclose the case and judgment by default was rendered. The court held that defendant's counsel had a right to rely upon the information given by the printed docket and set aside the default judgment.

In the instant case we have no such situation. The allegation in the bill that it was the custom of the clerk to notify parties not represented by counsel, was not such as would justify defendant to rely upon an absence of notice. Reliance upon any such custom is a want of diligence which the law does not uphold. In the case of National Fertilizer Co. v. Hinson, supra, the facts made a much stronger

claim than the circumstances shown by this bill. The court held that they were not sufficient to justify relief against a default judgment. It is upon that basis we find the decree of the lower court to be free from error.

It is probable the allegations in the bill that the driver of defendant's car was not at the time the servant, agent or employee of the defendant and that defendant was not an occupant of the car himself was a meritorious defense without regard to the negligence of the person who was operating the car, but it is not necessary for us to pass upon that question.

We think it is clear the complainant does not bring himself within the principle which justifies proceedings either in a court of equity or under the four months statute in a court of law. Section 279, Title 7, Code; Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Hanover Fire Ins. Co. v. Street, 228 Ala. 677, 154 So. 816.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.