Defendants' appeal from the district court to the circuit court was dismissed by the circuit court.
The present case arose on July 23, 1985 when the plaintiff, Mr. Charles K. Slade, brought suit to recover approximately $3,900 in attorney's fees and expenses allegedly owed to him by the defendants, Mr. and Mrs. Stanley Dwight Bowman. The Bowmans, in their answer, alleged that they did not owe the fees and expenses in question.
The case was tried in the District Court of Baldwin County on March 20, 1986 and the district court entered judgment for the plaintiff in the amount of $3,456.59. The defendants subsequently filed notice of appeal to the circuit clerk on April 2, 1986. The record reveals that the case was set for the regular trial docket by the circuit court, and that the case was to be tried on July 26, 1986. The defendants, however, failed to appear on the trial date and their appeal from the district court was dismissed. The defendants subsequently filed a motion to set aside the dismissal and the circuit court denied the motion. The defendants *Page 1237 
now appeal the circuit court's order of dismissal as well as its refusal to set aside the order to this court.
The defendants contend in this appeal that the circuit court abused its discretion by dismissing their case. The defendants allege that they never received notice of their trial date. The plaintiff, on the other hand, argues that the defendants were adequately apprised of their trial date because he allegedly sent Mr. and Mrs. Bowman a copy of the case's status report, which should have sufficiently notified them to take appropriate action to ascertain the status of their case.
As a general rule, Alabama cases have held that a party, whether represented by counsel or acting pro se, has a duty to follow the status of his own case, and no duty rests upon either the court or opposing parties to advise that party of his trial date. See, Wetzel v. Birmingham ElectricCo., 250 Ala. 267, 33 So.2d 882 (1948). Additionally, Alabama courts have held that even where it is customary for the circuit clerk to notify parties not represented by counsel of their trial date, a party's reliance upon such custom is unjustified and may warrant the dismissal of his case upon his failure to appear for trial. See, Irvin v. Ford,255 Ala. 27, 49 So.2d 915 (1951). Finally, we note that the dismissal of a party's case and the subsequent refusal to set aside the dismissal for want of prosecution rests largely within the sound discretion of the trial court. See, Knightv. Davis, 356 So.2d 156 (Ala. 1978).
The record in the present case indicates that the defendants failed to appear on the date of the trial of their appeal from the district court. The circuit court then dismissed the appeal. As the above cited cases indicate, the defendants had a duty to follow the course of their appeal, and their failure to keep up with the status of their case constituted an unjustified lack of diligence for which the trial court could properly grant the dismisal. See, Irvin v. Ford,supra.
We cannot say that the trial court abused its discretion in this matter, given the facts and circumstances of the case as well as the applicable law. For this reason, the judgment of the circuit court in dismissing the defendants' appeal and thereafter refusing to set aside its order of dismissal is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.