ROBERT P. BRADLEY, Retired Appellate Judge.
Husband appeals from a divorce decree rendered by the Elmore County Circuit Court.
The parties were married in 1967, and they have three sons, two of whom are still minors. The husband is self-employed as a proprietor in an automobile body shop supply business. The wife is employed as a registered nurse.
After ore tenus proceedings the trial court issued a divorce decree on the grounds of the wife’s adultery and the parties’ incompatibility. The divorce decree, in part, awarded the husband all of the real property (consisting of a house and *996 shop at the marital residence and the body shop supply business in Montgomery, Alabama) and awarded the wife $32,000 as a property settlement.
Husband asserts that the amount of the property settlement awarded to the wife constitutes a plain and palpable abuse of discretion because there are insufficient “liquid” assets with which to pay the award. Husband also argues that the award of $82,000 is a plain and palpable abuse of discretion because, he says, the wife’s adultery is the “sole” cause of the breakup of the marriage.
After consideration of the equities and the contribution of each of the parties to a marriage, the division of the marital property is a matter vested in the exercise of a trial court’s discretion, and its decision will not be reversed on appeal except where a plain and palpable abuse of discretion is shown. Dowdy v. Dowdy, 473 So.2d 1091 (Ala.Civ.App.1985). The division of the marital property need not be equal, but it must be equitable according to the particular facts of each case, and the relative fault of one or both of the parties that contributes to the divorce is only one factor to be used in the exercise of the trial court’s discretion. Miller v. Miller, 361 So.2d 577 (Ala.Civ.App.1978).
The record reveals that the parties’ home, a work shop, and acreage in Wet-umpka, Alabama are valued at approximately $135,000, with outstanding mortgages of approximately $100,000. The equipment used in the husband’s shop is valued at approximately $8,000. The husband’s corporation, “Body Shop Supply, Inc.,” had approximately $35,000 in accounts receivable outstanding in the month of June 1989, just prior to the hearing. However, the business is highly leveraged to its own suppliers, with accounts payable of about $50,000 for the same month. The bookkeeper testified that the last month had been a “bad” month.
The husband is drawing approximately $800 per week in salary from the business; this amount is in addition to the payments made by the business on the mortgages and debts outstanding upon the home, shop, and business. He also owns two antique Chevrolet automobiles that require restoration, but which have an apparent potential for a high resale value in a restored condition.
The wife is earning approximately $2,000 per month, excluding any overtime, in her position as a registered nurse. She readily admitted to her sexual transgressions during the parties’ marriage; however, we would add that the trial court stated that incompatibility and adultery were assigned as grounds for the divorce. It is apparent from the record that the trial court could have concluded that the fault of the husband also contributed to the breakup of the marriage. The wife testified that they had “separated” on a number of occasions for short periods of time during their twenty-one years of marriage. The parties’ son also testified that the husband was abusive and threatening at times.
After careful review of the record, we find no error. While all of the real property awarded to the husband is encumbered by mortgages, the $32,000 award to the wife is to be paid over an approximate two-year period of time. The value of the encumbered real estate was in dispute, and, therefore, we can find no error in the monetary award to the wife, considering the fact that the husband has been awarded all of the real property in the marital estate.
The wife has requested an award of an attorney’s fee for representation on this appeal. Her request is denied.
The decree appealed is affirmed. The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.