In May 1990, while incarcerated in an Alabama State prison, James Belser filed a pro se action for divorce from Dannie Belser in the Circuit Court of Montgomery County. The case was set for trial on August 16, 1990. Neither party appeared to prosecute or defend the action. On August 17, 1990 the court dismissed the action for want of prosecution. James Belser appeals.
Belser asserts that the trial court abused its discretion in dismissing the action for want of prosecution.
Rule 41(b), Alabama Rules of Civil Procedure, provides for the dismissal of an action for want of prosecution. A 41(b) dismissal is a matter within the discretion of the trial court and will be reversed on appeal only if there is an abuse of that discretion. Bowman v. Slade, 501 So.2d 1236
(Ala.Civ.App. 1987). *Page 1140 
Belser's failure to appear was the result of his incarceration in the State prison. A prisoner has no right to appear in person at the trial of a civil suit unrelated to his confinement. Hines v. City of Mobile, 480 So.2d 1203
(Ala. 1985). A prisoner, however, is not left without legal recourse. Rule 32(a)(3)(C), A.R.Civ.P., provides that a prisoner may submit his own oral or written deposition pursuant to Rule 30 or 31, A.R.Civ.P., to be used as testimony at trial.
Belser and his wife received timely notice of the hearing. The record indicates, however, that he made no effort to preserve his testimony for use at trial pursuant to Rules 30, 31, and 32, A.R.Civ.P. The wife, alleging financial hardship, similarly failed to appear and present evidence. The pleadings before the court were insufficient to warrant a sua sponte disposition of the action.
In view of the facts and circumstances of this case, we find that the court did not abuse its discretion in dismissing Belser's action for failure to prosecute. This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.