PER CURIAM.
Robert Junior Head (husband) and Kimberly Denise Head (wife) were married on November 23, 1990.
On February 19, 1992, the wife filed a complaint in which she claimed that there had been an irretrievable breakdown of the marriage since her husband’s incarceration, and that there existed such a complete incompatibility of temperament that the parties could no longer live together. The wife requested that the court award her the Ford Escort GT automobile, award her the appliances in the residence, and divest the husband of any interest he might have in the residence and the lot that the wife purchased prior to the marriage.
On April 15, 1992, the husband, pro se, filed an answer in which he denied the allegations contained in the complaint. The husband also filed a counterclaim in which he claimed that a complete incompatibility of temperament existed between the parties, that the parties could no longer live together, and that such incompatibility was irretrievable and irreconcilable. In addition, the husband claimed that, after the marriage, he purchased a new car for the *1225 wife, various household goods, and other valuable pieces of personal property. The husband valued these items at approximately $19,000 and requested that the court order the wife to repay him for the cost of these items.
On April 15, 1992, the husband filed a motion to appear at the hearing, in which he requested that the trial court issue an order requiring the sheriff to transport the husband to the hearing. The record does not reflect whether the trial court ever ruled on this motion.
The trial court conducted a hearing on May 19, 1992, and neither the husband nor a representative was present at the hearing. The wife testified that the husband did not work regularly during the marriage, that he was a convicted felon, and that he was presently incarcerated at Bullock County Correctional Facility for driving under the influence, resisting arrest, high speed chase, and being in possession of a concealed weapon.
The wife testified that, prior to the marriage, she purchased the lot and the residence that the parties lived in during the marriage. The wife also testified that the lot and the residence were in her name and that she had continued to make payments on them since the husband’s incarceration.
The wife testified that the husband purchased a 1987 Ford Escort GT prior to the marriage and that he gave her the automobile during the marriage. The wife also testified that title to the automobile was in her name. Further, the wife testified that she had to borrow money using the automobile as collateral, since she became responsible for her husband’s indebtedness after his incarceration.
The wife testified that she purchased the household furnishings and continued to make the payments after her husband’s incarceration. The wife testified that the only personal property of the husband that remained with her were his clothes and a lawn mower that he purchased during the marriage.
The trial court entered a final judgment of divorce on May 20, 1992, in which the court noted that the husband was not present at the hearing after having received due notice' of the date and time of the hearing. The trial court awarded the wife the lot and the residence, the 1987 Ford Escort GT, the household furnishings, and all the personal property in her possession except for the husband’s clothes and the lawn mower.
The husband raises the following two issues on appeal: (1) whether the trial court erred by not granting the husband’s motion to be present at the hearing; and (2) whether the division of property was equitable.
First, the husband contends that the trial court erred by not granting his motion to be present at the hearing.
At the outset, we note that a prisoner has no right to appear in person at the trial of a civil suit unrelated to his confinement. Belser v. Belser, 575 So.2d 1139 (Ala.Civ.App.1991). We also note that Rule 32(a)(3)(C), A.R.Civ.P., provides that a prisoner may submit his own oral or written deposition pursuant to Rule 30 or 31, A.R.Civ.P., to be used as testimony at trial. Accordingly, we hold that the trial court did not err in failing to grant the husband’s motion to appear at the hearing.
Next, the husband contends that the division of the marital property was inequitable.
Initially, we note that the division of property is within the sound discretion of the trial court and will not be disturbed on appeal except where the decision was plainly and palpably wrong. Bunbury v. Bunbury, 579 So.2d 1364 (Ala.Civ.App.1991). The division of the marital property need not be equal, but it must be equitable according to the particular facts of each case. Boothe v. Boothe, 564 So.2d 995 (Ala.Civ.App.1990). Although the trial court did not equally divide the marital property, we cannot hold, after reviewing the record, that it was not equitable under the facts of this case. Consequently, we hold that the trial court’s division of the marital property was not plainly and palpably wrong.
*1226 For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.