RUSSELL, Judge.
Lee T. Watts (Watts), as next friend of Wallace J. Mitchell (Wallace), filed a complaint against Miriam S. Ritchey Mitchell (Miriam). He sought the rescission of the marriage of Wallace and Miriam and of a power of attorney issued by Wallace to Miriam. Miriam filed a motion to dismiss or, in the alternative, to stay proceedings pending a final judgment in the probate court and, subsequently, filed an answer to the complaint. Letters of conservatorship over the estate of Wallace were granted in the probate court to James Tingle.
The court held a hearing on the complaint. After stating that neither the plaintiff nor his attorney was present in court, the trial court granted the motion to dismiss.
Watts filed a motion to alter, amend, or vacate the judgment. The trial court denied the motion, stating that Watts did not explain to the court “why he did not avail himself of the opportunity to be heard at the time and date set.” Watts appeals. We affirm.
Watts contends that the trial court erred in granting Miriam’s motion to dismiss and abused its discretion in denying Watts’s *694 motion to alter, amend, or vacate the judgment. He claims that the trial court did not use the correct standard of review, which, Watts states, should be whether he could have proven any set of circumstances that would entitle him to relief when the allegations of the complaint are viewed most strongly in his favor. He further claims that the trial court’s decision appeared to be based on his failure to appear in court, rather than considering the complaint in his favor, and that his presence in court was not necessary to respond to the motion to dismiss. He cites no authority in support of his claim that his presence in court was not necessary.
Miriam responds by saying that the trial court’s order indicates that the hearing involved both the complaint and the motion to dismiss and that the complaint was properly dismissed primarily for want of prosecution.
Rule 41(b), Alabama Rules of Civil Procedure, provides for the dismissal of an action for failure to prosecute, and further provides that a dismissal acts as an adjudication on the merits. Belser v. Belser, 575 So.2d 1139 (Ala.Civ.App.1991). The dismissal is a matter within the trial court’s discretion and will be reversed on appeal only for abuse of that discretion. Id.; Bowman v. Slade, 501 So.2d 1236 (Ala.Civ. App.1987).
The record in the present case reveals that the hearing covered both the complaint and the motion to dismiss and that approximately six weeks elapsed from the setting of the hearing date to the hearing. In addition, Watts gave no reason for his failure to appear. Given these facts, we cannot hold that the trial court abused its discretion in this matter. Therefore, the judgment is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.