680 So.2d 302 (1996)
M.J.F.
v.
J.W.
In the Matter of K.F.F., a minor child.
2950413.
Court of Civil Appeals of Alabama.
May 10, 1996.
Rehearing Denied June 28, 1996.
*303 M.J.F., pro se.
Julie Marks, guardian ad litem for K.F.F., Legal Aid Society of Birmingham, Inc., Birmingham.
L. CHARLES WRIGHT, Retired Appellate Judge.
In November 1995, while incarcerated in a Tennessee prison, M.J.F. (father) filed a pro se petition to hold J.W. (maternal uncle) in contempt. A hearing was set for December 14, 1995. The father was not present for the hearing, nor did he have an attorney to represent his interests. The trial court dismissed the action for want of prosecution. The father appeals pro se.
The record reflects that the father was incarcerated for killing his wife. At the time of the murder, he and his wife had a two-year-old daughter. In 1988 a Tennessee court granted temporary custody of the child to the maternal uncle.
The maternal uncle resides in Jefferson County. In 1994, following a number of hearings in Tennessee, the Tennessee court relinquished jurisdiction to the Jefferson County court.
In 1995 the father filed his petition for contempt against the maternal uncle, alleging that the uncle was interfering with the father's telephonic visitation with his daughter. The trial court scheduled a hearing. The maternal uncle, an assistant attorney general, and the child's guardian ad litem were present for the hearing. A friend of the father was there to represent the father. The friend was not an attorney and was not a party to the action. The trial court dismissed the action for want of prosecution.
The father asserts that the trial court abused its discretion in dismissing the action for want of prosecution.
Rule 41(b), Ala.R.Civ.P., provides for the dismissal of an action for want of prosecution. A 41(b) dismissal is a matter within the discretion of the trial court, and its judgment will be reversed on appeal only if there is an abuse of that discretion. Belser v. Belser, 575 So.2d 1139 (Ala.Civ.App.1991).
The father's failure to appear was the result of his incarceration. A prisoner has no right to appear in person at the trial of a civil suit unrelated to his confinement. Belser. A prisoner, however, is not left without legal recourse. Rule 32(a)(3)(C), Ala.R.Civ. P., provides that a prisoner may submit his own oral or written deposition pursuant to Rules 30 or 31, Ala.R.Civ.P., to be used as testimony at trial.
The father received timely notice of the hearing. The record indicates, however, that he made no effort to preserve his testimony for use at the hearing pursuant to Rules 30, 31, and 32, Ala.R.Civ.P.
In view of the circumstances of this case, we find that the court did not abuse its discretion in dismissing the father's action for failure to prosecute.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.