YATES, Judge.
On September 21,1995, while incarcerated, Roy Harvell filed a pro se action for a divorce from Marilyn Louise Harvell, alleging incompatibility and an irretrievable breakdown of the marriage. The wife filed an answer and affidavit on January 23, 1996. On March 14, 1996, the husband moved, pursuant to Rules 30, 31, and 32(a)(3)(C), Ala. R. Civ. P., to have his deposition taken, contending that he was “an incarcerated person and as such has no right to be brought to court for matters irrelevant to his detention.” The trial court, on March 28, 1996, granted the husband’s motion and entered an order appointing a commissioner to take the husband’s testimony under oath. The husband’s testimony was taken pursuant to the court’s order and was filed with the court on April 29,1996.
On May 13,1996, the court, acting ex mero motu, found that the wife’s answer and affidavit had failed to comply with § 30-2-3, Ala.Code 1975; rescinded its March 28 order appointing the commissioner; ordered the wife to amend her answer and file the amended answer on or before June 3, 1996; ordered that the submission of the case on April 29,1996, be set aside; and ordered that the case be continued to 9:00 a.m. on June 24, 1996, to determine if the case should remain on the active docket. The May 13 order stated: “FAILURE TO APPEAR AT THE ABOVE NOTED TIME WILL RESULT IN DISMISSAL OF THIS CASE.” The wife filed her amended answer on June 11, 1996. On August 6, 1996, the husband moved the court either to accept his deposition previously filed, or, in the alternative, to allow him to resubmit his deposition, pursuant to Rules 30, 31, and 32(a)(3)(C). The court, on August 13,1996, dismissed the case, without prejudice, for failure of the parties to prosecute the case, taxing the costs against the husband. The husband appeals pro se.
The husband contends that the court erred in dismissing his divorce action for want of prosecution. Rule 41(d), Ala. R. Civ. P., provides for the dismissal of an action for want of prosecution. Belser v. Belser, 575 So.2d 1139 (Ala.Civ.App.1991). A dismissal of an action pursuant to Rule 41(b) is a matter within the trial court’s discretion, and such a dismissal will not be reversed on appeal absent an abuse of that discretion. Id. The husband is serving a life sentence, without the possibility of parole in the state prison system. A prisoner is not entitled to appear in person at the trial of a civil action that is unrelated to his confinement. Id. A prisoner, however, is not left without legal recourse. Rule 32(a)(3)(C), Ala. R. Civ. P., provides that a prisoner may submit his oral or written deposition, pursuant to Rules 30 and 31, to be used as testimony at trial.
The record indicates that the court dismissed the case for failure to prosecute, without ruling on the husband’s motion asking the court either to again appoint a commissioner, pursuant to Rule 32(a)(3)(C), to take his deposition, or to accept the deposition he had previously submitted. We conclude that the husband had satisfied the procedural requirements with regard to these matters, and that the trial court abused its discretion in dismissing the case for want of prosecution.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.