YATES, Presiding Judge.
On July 28, 2000, Melinda Cannon sued Ricky Cannon for a divorce, alleging incompatibility of temperament and an irretrievable breakdown of the marriage. She sought custody of, and child support for, five minor children and an equitable division of the marital property. The husband answered and counterclaimed, alleging that four children were born of the marriage; he sought primary physical custody of the children and child support. The court ordered that the parties attend the Families in Transition (“FIT”) Program, and on September 25, 2000, the court set the case for a final hearing and required both parties to produce income verification and to sign completed “Income Statement/Affidavit” and “Child Support Guideline” forms, in compliance with Rule 32, Ala. R. Jud. Admin.
On February 2, 2001, the court entered an order, which stated in part:
“The parties have filed the necessary documents for an uncontested divorce action, except the Wife’s Affidavit of Testimony proving jurisdiction and grounds for divorce, and the Wife’s Certificate of Attendance of the FIT Program. Court staff has contacted Counsel for the Wife, but said documents have still not been filed with the Court.
“1. ... [U]nless affirmative action is taken by the Wife within ten (10) days from the date of this Order to furnish the Court with the requested documents, this action will be dismissed for want of prosecution.”
On February 12, 2001, the wife filed a completed FIT certificate, an affidavit of testimony, and a settlement agreement signed by both parties and dated December 19, 2000. On February 13, 2001, the wife submitted a CS-43 “Child Support Guidelines Notice of Compliance” form that indicated that the Rule 32 child-support guidelines “have not been met due to the following:”
“The [husband] has undertaken significant credit card debt incurred by the parties. In addition, the [wife] has agreed to accept the [husband’s] monthly life insurance premium in lieu of balance of child support obligation calculated according to the [Ala. R. Jud. Admin.] schedule.”
On March 7, 2001, the court dismissed the divorce action “for want of prosecution.” The order stated in part:
“The parties have filed the necessary documents for an uncontested divorce action, except a CS-43 form signed by both parties. Such form has not been furnished to the Court as requested and, upon consideration thereof, the Court finds ...
“1. That this cause is due to be and the same is hereby DISMISSED, without prejudice, for want of prosecution.”
The wife moved to reinstate the case and requested that it be set for a final hearing. The court denied the motion on March 30, 2001, stating, “The requirements of Rule 32 are mandatory and are clearly set out and should have been noted by counsel from the beginning — case can be refiled without prejudice and retroactive support requested.”
The wife appeals, arguing that the trial court abused its discretion in dismissing the divorce action for want of prosecution.
In Harvell v. Harvell, 693 So.2d 516, 517 (Ala.Civ.App.1997), this court stated:
“Rule 41(d), Ala. R. Civ. P., provides for the dismissal of an action for want of prosecution. A dismissal of an action pursuant to Rule 41(b) is a matter within the trial court’s discretion, and such a dismissal will not be reversed on appeal absent an abuse of that discretion.”
*375 See also Belser v. Belser, 575 So.2d 1139 (Ala.Civ.App.1991). This court has consistently held that the application of the Rule 32 child-support guidelines is mandatory in child-support actions filed on or after October 9, 1989. State ex rel. Department of Human Res. v. Hogg, 689 So.2d 131 (Ala.Civ.App.1996). In Martin v. Martin, 637 So.2d 901, 902 (Ala.Civ.App.1994), this court issued the following directive:
“We hold, therefore, that the word ‘shall’ in Rule 32(E), Ala. R. Jud. Admin., mandates the filing of a standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form. In stipulated cases, however, the trial court may accept the filing of a Child Support Guideline Notice of Compliance Form. We further hold that stipulated cases, i.e., where the parties have agreed upon a child support amount in compliance with the guidelines, are the only exceptions to the requirement of filing a child support guideline form and income affidavit forms.... We presume that if the parties have agreed upon an amount for child support in compliance with Rule 32, then, if an appeal is taken by either party, the amount of child support will not be an issue before an appellate court. Without the child support form and the income statement forms, it is difficult and sometimes impossible for an appellate court to determine from the record if the trial court did or did not correctly apply the guidelines in establishing or modifying child support obligations.”
The record contains CS-41 “Income Statement/Affidavit” forms for the husband and the wife and a completed CS-42 “Child Support Guideline” form showing a recommended child-support obligation of $500 for the husband, based on the income of the parties. The settlement agreement filed as a part of the uncontested divorce contained a provision that stipulated that the husband would pay $500 per month for the support and maintenance of the parties’ minor children. It appears that the wife filed the CS-43 “Child Support Guidelines Notice of Compliance” form on February 13, 2001, to advise the court that the recommended child-support amount would not be paid by the husband.
Although Rule 32(E) requires the filing of a CS-41 and CS-42 form, it does not require the filing of a CS-43 form. Rule 32(E) states in part, “In conformance with Section (A)(2) of this Rule, in stipulated cases the court may accept the filing of a Child Support Guidelines Notice of Compliance form.” After thoroughly reviewing the record and the applicable caselaw, we conclude that the court abused its discretion in dismissing the action for a want of prosecution. Harvell, supra. The court had the necessary documentation to either enforce the recommended child-support obligation of $500 per month or set the case for a final hearing. We cannot hold that the wife failed to comply with the trial court’s order dated February 2, 2001, or that the trial court required the parties to file a CS-43 form. Accordingly, we reverse the judgment and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.