SHAW, Judge.
 

 The State of Alabama appeals the trial court’s order granting Reco Jermaine Morrell’s motion to suppress cocaine that was found on his person during a patdown. See Rule 15.7, Ala.R.Crim.P.
 

 The record reflects that in February 2007 Morrell was indicted by a Montgomery County grand jury for one count of possession of a controlled substance, a violation of § 13A-12-212(a)(l), Ala.Code 1975. Morrell filed a motion to suppress evidence of the cocaine on June 7, 2007. The case was scheduled to be tried on June 26, 2007. On June 25, 2007, the State filed a motion for a continuance. In that motion, the State alleged that the case was set for a suppression hearing and a trial the following day and that the State had just become aware that the arresting officer was unavailable to testify because he was on military duty out of state. The State further alleged that the officer had indicated that he would be available to testify in August 2007. On June 26, 2007, the parties appeared before the trial court, which noted that the case had been scheduled for trial on that day and that the State had filed a motion for a continuance. The State argued that the officer who had conducted the patdown search, which was at issue in Morrell’s motion to suppress, was unavailable to testify until August 2007. The’ trial court granted the State’s continuance and reset the case for trial on August 20, 2007. The trial court set a status conference for August 9, 2007.
 

 The trial court entered what appears to be a form order setting the August status conference and trial date. (Supp. 10.)
 
 [1]
 
 The order also stated that “[a]ny Motion to Suppress shall be filed on or before
 
 Thursday, August 9, 2007.
 
 Said motion shall cite legal authority and justify the need for an evidentiary hearing.” (Supp. 10; emphasis in original.) The record contains no transcript of any subsequent proceedings in this case, and the court reporter filed a letter with the trial court on January 15, 2008, stating that she did not report any proceedings in this case on August 9, 2007. (Supp. 18.) Therefore, the record contains no argument presented by the parties or any discussion with the trial court that might have occurred at the August 9, 2007, status conference. On August 10, 2007, the trial court entered the following order:
 

 “THIS MATTER comes before the Court on the Defendant’s, Reco Mor-rell’s], Motion to Suppress. Based upon the State’s failure to present any evidence as to why the Defendant’s Motion to Suppress should not be granted and after a continuance in order for the State to locate its witnesses, the Court hereby grants the Defendant’s Motion to Suppress and the charges against the Defendant are hereby DISMISSED. The Defendant is to be immediately re
 
 *355
 
 leased from the custody of the Montgomery County Sheriffs Office.”
 

 (C. 31.)
 

 On appeal, the State argues that the trial court erred in granting Morrell’s motion to suppress because, it says, the court did not give the State notice that Morrell’s motion to suppress would be considered at the August 9, 2007, status conference. As a result of the lack of notice, the State argues, it was not prepared to go forward with a hearing on the motion to suppress and was effectively denied the opportunity to present evidence in opposition to the motion. The State further argues that because the trial court did not schedule a separate hearing on the motion to suppress before the August 20, 2007, trial, it was reasonable to assume that the trial court would have, consistent with its earlier practice, held the suppression hearing on the day of trial. The State contends that “the trial court deprived the State of its right to a fair judicial proceeding” and that the order dismissing the case must be reversed so that the State has an opportunity to respond to the motion to suppress. (State’s brief at p. 5.)
 

 “Procedural due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901, broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and the opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the opposing party, with reasonable opportunity to controvert them. See
 
 Pike v. Southern Bell Telephone & Telegraph Co.,
 
 263 Ala. 59, 81 So.2d 254 (1955);
 
 Vernon v. State,
 
 245 Ala. 633, 18 So.2d 388 (1944). It is generally understood that an opportunity for a hearing before a competent and impartial tribunal upon proper notice is one of the essential elements of due process.”
 

 Ex parte Weeks,
 
 611 So.2d 259, 261 (Ala.1992).
 

 The record before us supports the State’s argument that it did not have notice that the trial court would conduct a hearing on Morrell’s motion to suppress on August 9, 2007, at the status conference. The trial court stated only that a status conference would be held on that date, and further ordered that any motions to suppress had to be filed by that date and had to justify the need for an evidentiary hearing. The State would have been entitled to respond to a motion to suppress if Mor-rell had filed a motion on that date, and it could not have been expected to respond to the motion and present evidence in opposition to the motion on the same day a motion was filed. Moreover, as the State argues, the trial court had initially intended to hold a hearing on Morrell’s motion to suppress on the day trial had been scheduled, June 26, 2007, but the court granted the State’s motion to continue and reset the case for trial. We agree with the State that, based on the trial court’s previous scheduling of the motion to suppress on the day of trial and because the trial court did not set another hearing date for the motion, it was reasonable for the State to believe, absent any contrary statement by the trial court, that a hearing on Mor-rell’s motion to suppress would not be conducted at the status conference but would be conducted on the rescheduled trial date, August 20, 2007. Thus, the State did not receive proper notice of the suppression hearing, and it was not afforded a reasonable opportunity to present evidence and argument on the motion. See, e.g.,
 
 Ex parte Weeks,
 
 611 So.2d at 261.
 

 
 *356
 
 “[J]ustice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true.”
 
 Snyder v. Massachusetts,
 
 291 U.S. 97, 122, 54 S.Ct. 330, 78 L.Ed. 674 (1934), overruled in part on other grounds,
 
 Malloy v. Hogan,
 
 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). The balance of justice was not kept true in this case because the State was denied proper notice of the hearing on the motion to suppress. The trial court erred when it granted Morrell’s motion to suppress and dismissed the case against him based on the State’s failure to present evidence at a hearing on a motion to suppress when the State had not been notified that the motion would be the subject of the hearing. Therefore, the trial court’s order granting the motion to suppress and dismissing the case against Morrell is reversed and this cause remanded for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ, concur.
 

 [1]
 

 . The State filed a motion to supplement the record, which the trial court granted. Citations to the supplemental record filed with this Court will be designated “(Supp.)” and will be followed by relevant page numbers of that record.