KELLUM, Judge.
 

 Richard Jan Smith was indicted by a Montgomery County grand jury for the unlawful possession of a controlled substance, a violation of § 13A-12-212(a)(l), Ala.Code 1975; failing to have his seat belt properly fastened, a 'violation of § 32-5B-4, Ala.Code 1975; driving while his license was suspended or revoked, a violation of § 32-6-19, Ala.Code 1975; and failing to display evidence of insurance, a violation of
 
 *1173
 
 § 32-7A-16(2), Ala.Code 1975. On November 8, 2008, Smith pleaded guilty to unlawful possession of a controlled substance. During the guilty-plea hearing, counsel for Smith informed the circuit court that the traffic violations for which Smith had been indicted had been “taken care of with the City.” Following the November 3, 2008, hearing, the State learned that counts three and four of the indictment against Smith — driving while his license was revoked and failing to display proof of insurance — were still pending. On November 13, 2008, Smith appeared a second time before the circuit court to plead guilty to the remaining counts of the indictment. At that hearing, the circuit court dismissed the remaining counts of the indictment.
 

 On November 17, 2008, the State filed a motion to reconsider. In its motion, the State contended that Rule 2.2(a), Ala. R.Crim. P., required that Smith’s traffic offenses be adjudicated in the circuit court because those offenses arose out of the same incident as his felony possession charge. On November 20, 2008, the circuit court granted the State’s motion to reconsider and immediately called the case for trial. The transcript of the Novembér 20, 2008, proceedings, in its entirety, states:
 

 “THE COURT: We are about to start the trial of Richard Smith. Call your first witness.
 

 “Do you have any witnesses here?
 

 “[PROSECUTOR]: I wasn’t aware that it was set for trial.
 

 “THE COURT: Case dismissed.”
 

 (R. 2.) The circuit court, on November 20, 2008, made the following entry on the case-action-summary sheet: “Motion to Reconsider granted. Case called for trial, State had no witnesses. Disposed as to pending charges.” Pursuant to Rule 15.7, Ala. R.Crim. P., the State appeals the circuit court’s ruling.
 

 The State contends on appeal that the circuit court’s dismissal of the charges against Smith after it had called the case for trial violated the State’s right to procedural due process because, it argues, the State had no prior notice that a trial had been scheduled on November 20, 2008.
 

 “Procedural due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901, broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and the opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the opposing party, with reasonable opportunity to controvert them. See
 
 Pike v. Southern Bell Telephone & Telegraph Co.,
 
 263 Ala. 59, 81 So.2d 254 (1955);
 
 Vernon v. State,
 
 245 Ala. 633, 18 So.2d 388 (1944). It is generally understood that an opportunity for a hearing before a competent and impartial tribunal upon proper notice is one of the essential elements of due process.”
 

 Ex parte Weeks,
 
 611 So.2d 259, 261 (Ala.1992).
 

 In
 
 State v. Morrell,
 
 8 So.3d 353 (Ala.Crim.App.2008), the trial court, after conducting a status conference, granted Mor-rell’s motion to suppress and dismissed the charges against Morrell based on the State’s failure to produce any evidence as to why the motion to suppress should not be granted. The State appealed, arguing that the trial court erred in granting Mor-rell’s motion to suppress because the court did not give the State notice that the motion to suppress would be considered at the status conference. 8 So.3d at 354. The
 
 *1174
 
 State contended that, as a result of the lack of notice, it was not prepared to go forward with a hearing on the motion to suppress and was effectively denied an opportunity to present evidence in opposition to the motion. 8 So.3d at 355. This court, relying on
 
 Ex parte Weeks,
 
 supra, agreed with the State and reversed the trial court’s order granting Morrell’s motion to suppress and dismissing the charges against Morrell. We held:
 

 “ ‘[JJustice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true.’
 
 Snyder v. Massachusetts,
 
 291 U.S. 97, 122, 54 S.Ct. 330, 78 L.Ed. 674 (1934), overruled in part on other grounds,
 
 Malloy v. Hogan,
 
 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). The balance of justice was not kept true in this case because the State was denied proper notice of the hearing on the motion to suppress. The trial court erred when it granted Morrell’s motion to suppress and dismissed the case against him based on the State’s failure to present evidence at a hearing on a motion to suppress when the State had not been notified that the motion would be the subject of the hearing.”
 

 Morrell,
 
 8 So.3d at 356.
 

 Here, just as in
 
 Morrell,
 
 the record does not indicate that the State received notice that the circuit court intended to conduct a trial on November 20, 2008, at which it would consider evidence pertaining to the remaining criminal charges pending against Smith. Indeed, the transcript of the November 20, 2008, proceedings before the circuit court indicate that the prosecutor was unaware that it was set for trial. The circuit court granted the motion to reconsider and on the same day called the matter for trial with no apparent notice to the State, as established by the case-action-summary sheet.
 

 The circuit court erred when it proceeded to trial on the last two counts of the indictment against Smith without proper notice of the trial to the State. The State’s failure to present evidence, through the testimony of witnesses or otherwise, at the November 20, 2008, trial was through no fault of its own. Accordingly, the circuit court’s order dismissing the remaining charges against Smith is reversed, and this cause is remanded for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 WELCH and WINDOM, JJ., concur.
 

 WISE, P.J., recuses herself.