BURKE, Judge.
The State of Alabama appeals the trial court’s pretrial dismissal of the charges against Steven Tim Harwell. The following facts are undisputed. Harwell was indicted by a Montgomery County grand jury for theft of property in the second degree, a violation of § 13A-8-4, Ala.Code 1975, and for burglary in the third degree, a violation of § 18A-7-7, Ala.Code 1975. A trial on those charges was set for January 10, 2011, but the courthouse was closed that day as a result of inclement weather. The next day, January 11, 2011, the court reopened and the trial court called the case for trial. However, the State’s witnesses, who had been subpoenaed to appear on January 10 but not on January 11, were not present. Because the witnesses were not present, the State moved for a continuance. The trial court denied the motion for a continuance and dismissed the case for lack of prosecution. On January 12, 2011, the State filed a motion to reconsider, which the trial court denied on January 24, 2011. The State filed a notice of appeal to this Court on January 14, 2011.
On appeal, the State contends that the trial court’s dismissal of the case violated the State’s right to procedural due process because, the State says, it did not have any notice that the trial had been rescheduled for January 11, 2011. We agree.
Harwell argues that the trial court did not violate the State’s right to procedural due process by calling the case for trial on January 11 because, he says, the State failed to fulfill its duty to follow the status of its case. Harwell contends that the controlling authority for the present case is Bowman v. Slade, 501 So.2d 1236 (Ala.Civ.App.1987), which states:
“As a general rule, Alabama cases have held that a party, whether represented by counsel or acting pro se, has a duty to follow the status of his own case, and no duty rests upon either the court or opposing parties to advise that party of his trial date. Additionally, Alabama courts have held that even where it is customary for the circuit clerk to notify parties not represented by counsel of their trial date, a party’s reliance upon such custom is unjustified and may warrant the dismissal of his case upon his failure to appear for trial. Finally, we note that the dismissal of a party’s case and the subsequent refusal to set aside the dismissal for want of prosecution rests largely within the sound discretion of the trial court.”
501 So.2d at 1237 (citations omitted). In Bowman, the Court of Civil Appeals affirmed the circuit court’s dismissal of the defendants’ case because the defendants failed to appear on the trial date. However, unlike the factual situation in present case, in Bowman, the record revealed that the case was set for the regular trial docket by the circuit court and that the case was set to be tried on a specific date. The defendants failed to appear on that date, and the circuit court dismissed their case. Bowman, 501 So.2d at 1237.
In the present case, there is no evidence indicating that the State failed to follow the status of its case. The record *483 reveals that the trial was originally set for January 10, 2011; however, nothing in the record indicates that the case was reset for January 11, 2011 or that the State had been told what would occur in the event of a cancellation of the January 10 trial. Even a party who diligently follows the status of his case cannot be required to have knowledge of a trial date that has never been set or to assume when the trial will occur. Fundamental principles of due process simply require more. Therefore, Harwell’s argument is without merit.
The situation in the present case is analogous to the situation in State v. Smith, 23 So.3d 1172 (Ala.Crim.App.2009). In Smith, the defendant appeared on November 13, 2008, before the circuit court to plead guilty to certain pending charges. At the guilty-plea hearing, the circuit court dismissed the charges. The State filed a motion to reconsider that dismissal. Subsequently, on November 20, 2008, the circuit court granted the State’s motion to reconsider and immediately called the ease for trial. After the circuit court called the case for trial and asked the State whether it had any witnesses present, the prosecutor responded that he was not aware that the case was set for trial. The circuit court then immediately dismissed the ease. Also, on that day, the circuit court made the following entry on the case-action-summary sheet: “Motion to Reconsider granted. Case called for trial, State had no witnesses. Disposed as to pending charges.” Smith, 23 So.3d at 1173. The State appealed that decision to this Court, arguing that the circuit court’s dismissal of the charges after it had called the case for trial violated the State’s right to procedural due process because, according to the State, it had no prior notice that the case would be called for trial on November 20, 2008.
On appeal, this Court reversed the circuit court’s dismissal and held:
“ ‘Procedural due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901, broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and the opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the opposing party, with reasonable opportunity to controvert them. See Pike v. Southern Bell Telephone & Telegraph Co., 263 Ala. 59, 81 So.2d 254 (1955); Vernon v. State, 245 Ala. 633, 18 So.2d 388 (1944). It is generally understood that an opportunity for a hearing before a competent and impartial tribunal upon proper notice is one of the essential elements of due process.’
“Ex parte Weeks, 611 So.2d 259, 261 (Ala.1992).
“In State v. Morrell, 8 So.3d 353 (Ala.Crim.App.2008), the trial court, after conducting a status conference, granted Morrell’s motion to suppress and dismissed the charges against Morrell based on the State’s failure to produce any evidence as to why the motion to suppress should not be granted. The State appealed, arguing that the trial court erred in granting Morrell’s motion to suppress because the court did not give the State notice that the motion to suppress would be considered at the status conference. 8 So.3d at 354. The State contended that, as a result of the lack of notice, it was not prepared to go forward with a hearing on the motion to suppress and was effectively denied an opportunity to present evidence in opposition to the motion. 8 So.3d at 355. *484 This court, relying on Ex parte Weeks, supra, agreed with the State and reversed the trial court’s order granting Morrell’s motion to suppress and dismissing the charges against Morrell. We held:
“ ‘ “[JJustice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true.” Snyder v. Massachusetts, 291 U.S. 97, 122, 54 S.Ct. 330, 78 L.Ed. 674 (1934), overruled in part on other grounds, Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). The balance of justice was not kept true in this case because the State was denied proper notice of the hearing on the motion to suppress. The trial court erred when it granted Mor-rell’s motion to suppress and dismissed the case against him based on the State’s failure to present evidence at a hearing on a motion to suppress when the State had not been notified that the motion would be the subject of the hearing.’
“Morrell, 8 So.3d at 356.
“Here, just as in Morrell, the record does not indicate that the State received notice that the circuit court intended to conduct a trial on November 20, 2008, at which it would consider evidence pertaining to the remaining criminal charges pending against [the defendant]. Indeed, the transcript of the November 20, 2008, proceedings before the circuit court indicate that the prosecutor was unaware that it was set for trial. The circuit court granted the motion to reconsider and on the same day called the matter for trial with no apparent notice to the State, as established by the case-action-summary sheet.
“The circuit court erred when it proceeded to trial on the last two counts of the indictment against [the defendant] without proper notice of the trial to the State. The State’s failure to present evidence, through the testimony of witnesses or otherwise, at the November 20, 2008, trial was through no fault of its own.”
Smith, 23 So.3d at 1173-74.
Likewise, in the present case, the State was entitled to procedural due process, including proper notice and an opportunity to be heard. Here, as in Smith, the record does not indicate that the State received any notice that the case would be called for trial on January 11, 2011. The case-action-summary sheet specifically states that the case was set for trial on January 10, 2011, at 8:30 a.m. (C. 2.) The next entry on the case-action-summary sheet was made on January 11, 2011, and it simply states: “Case dismissed for lack of prosecution.” (C. 2.) There is no evidence indicating that the trial had been rescheduled for January 11. Because the State had no notice that the case would be called for trial on January 11, the State cannot be faulted for failing to have its witnesses present or subpoenaed to appear on that day. Therefore, because the State did not receive proper notice that the case would be called for trial on January 11, the trial court’s dismissal of the case violated the State’s right to procedural due process.
Based on the foregoing, the judgment of the trial court is reversed and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WELCH, P.J., and WINDOM, KELLUM, and JOINER, JJ., concur.